PEOPLE *v.* RIORDAN.

MANSLAUGHTER—BURDEN OF PROOF.

In a trial for manslaughter it is error for a judge to charge the jury that the killing having been proved, the burden of proof that the killing was in self-defense rests with the defendant, and that he must establish this fact beyond any reasonable doubt, or at least by a preponderance of evidence.

Upon a trial for homicide, the burden of proving not only that a human being has been killed, but also that the killing was perpetrated under such circumstances as constitute the crime

charged, is imposed upon the prosecution, and the burden of establishing and maintaining those facts remains with the prosecution throughout the case ; and if, upon the whole evidence on both sides, a reasonable doubt exists as to the guilt of the defendant, he is entitled to the benefit of it.

Appeal by defendant, John D. Riordan, from a judgment of the Herkimer County Court of Sessions of July, 1887, entered upon a conviction of defendant of manslaughter in the second degree.

The facts fully appear in the opinion.

*A. M. Mills*, for defendant, appellant.

*Eugene E. Sheldon,* for the people, respondents.

Martin, J.—The defendant was indicted for the crime of manslaughter in the first degree.    The offense was alleged to have been committed by shooting and killing one Daniel Haley on the 4th day of July, 1885, at the village of Little Falls, Herkimer County, N. Y.    To this indictment the defendant pleaded not guilty.    The case was tried at the Herkimer County Sessions in July, 1887.    The jury found the defendant guilty of manslaughter in the second degree. The judgment of the court was that the defendant be imprisoned in the State prison at Auburn for the period of four years, and that he pay a fine of five hundred dollars, and in default of payment of such fine that he be imprisoned until the fine be paid, not exceeding five hundred days. From this conviction and judgment, the defendant appealed.

It was abundantly established by the evidence in the case, that at the time and place alleged in the indictment the defendant shot Daniel Haley, and that he died from the effect of such wound upon the 12th day of the same month. The principal question litigated was, whether the defendant killed Haley under such circumstances as to constitute the crime of manslaughter, or whether the homicide was justifiable.

The evidence given by the defendant, if believed by the jury, would have justified its finding that no crime had been committed. If the evidence given by the people were accepted, still it was a question for the jury whether the act of killing was criminal or whether it was justifiable.

In submitting this case to the jury, the following requests to charge were made, and exceptions taken:

*The District Attorney.*—" I ask the court to charge the jury that when the defendant makes the claim of self-defense, that the homicide was committed in self-defense, the burden of establishing the necessary facts to avail himself of that defense is upon the defendant."

THE COURT.—" I think, in substance, I have already charged that."

*The Defendant's Counsel.*—" We except to that, we except to that proposition of Mr. Sheldon's."

THE COURT.—" I charged that where a defense of self-defense is set up, in the legal term the burden of proof is upon the defendant to establish his defense beyond a reasonable doubt."

*Defendant's Counsel.*—" We except to that statement."

*The District Attorney.*—" I ask the court to withdraw that charge. We do not claim that the burden of proof is on the defendant to establish the defense of self-defense beyond a reasonable doubt."

THE COURT.—" I think I will leave it as it is."

Subsequently the court said : " With regard to that portion of the charge which was made at the request of the district attorney, the court will withdraw what it said, and will charge this: ' He must make his defense appear to the jury, availing himself of all the evidence in the case on either side.' " To which the defendant also excepted.

The defendant's counsel, among other requests, then made the following: " I ask your Honor to charge that if, on all the evidence, there is a reasonable doubt as to whether, at the time when the defendant fired the shots, he was in

danger of great bodily injury, and as to whether there was reasonable ground to apprehend such injury, then the defendant is entitled to the benefit of the doubt."

THE COURT.—" I decline to charge in that form."    The defendant excepted.

It seems to us quite clear that by this, the jury were led to understand that the burden of proof rested upon the defendant to establish the fact that he killed the deceased while acting in self-defense, and that he was required to establish that fact beyond a reasonable doubt, or at least by a fair preponderance of evidence.    The tendency, and we think the natural result of this portion of the charge, was to inspire in the minds of the jury the belief that when the people had established a *prima facie* case by proving the killing of the deceased, that the law then imposed upon the defendant the burden of satisfying them affirmatively that he acted in self-defense.    The vice of this charge rests in the fact that by it the obligation of showing affirmatively that the homicide was committed under such circumstances as to excuse or justify it was imposed upon the defendant; while under the authorities in this State the burden of proving, not only that a human being has been killed, but also that the killing was perpetrated under such circumstances as constituted the crime charged, is imposed upon the prosecution, and the burden of establishing and maintaining those facts remains with the prosecution throughout the case.

In the case of the People *v.* Hill (49 *Hun*, 432), this court has recently had occasion to examine this question, and the authorities bearing upon it, and we there held that the burden of proving the crime charged always rests with the prosecution ; that when the people have established a *prima facie* case they may rest, and the defendant may introduce evidence of any defense he may have, whether negative or affirmative, but the burden of proving that the act complained of was committed under such circumstances as to constitute a crime, is never changed, it always rests

upon the prosecution, and if, upon the whole evidence upon both sides, a reasonable doubt exists as to the guilt of the defendant, he is entitled to the benefit of it. We think the charge of the learned judge in this case is directly in conflict with the rule just stated, and that for such error the judgment and conviction in this case must be reversed. This conclusion renders it unnecessary to examine the other exceptions in the case.

It follows that the judgment and conviction must be reversed, a new trial granted, and the case remanded to the Court of Sessions of Herkimer County.

HARDIN, P. J., and FOLLETT, J., concur.